## DÍAZ v. THE REGISTRAR OF PROPERTY.

### APPEAL from a decision of the Registrar of Property of Caguas.

No. 101.—Decided November 10, 1911.

PARTITION OF INHERITANCE—LEGAL DEFENSOR OF MINORS—COMPATIBILITY OF INTERESTS.—The husband of one of the heirs of a testator who himself is neither heir, legatee, nor participant in the inheritance of his wife's father and in which she intervenes in her own right without the necessity of her husband's assistance may be appointed as the judicial defensor of the other minor heirs and brothers of his wife, and it cannot be said that there would exist an incompatibility of interests between said judicial defensor and those he represents.

The facts are stated in the opinion.

*Mr. Rafael Arce* for the appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

A deed of partition of the property of Manuel Rivas Rodríguez, made on January 3 of the present year by his widow, Juana María Díaz, and his heirs, before Notary Rafael Arce Rollet, was presented in the Registry of Property

of Caguas and the registrar refused to record it for the reasons stated in his indorsement thereon, as follows:

"The inscription of the foregoing document is refused because of the incurable defect that Candelario Román, who is the husband of the heiress, Florencia Rivas Díaz, is also interested in the partition of the inheritance desired to be inscribed in the character of defensor of the minors, Silverio, María, Agofito, Ramón, Maximino first, Maximino second, Alfonsa, Julia, Valentín, and Joaquina Rivas Díaz, and as section 230 of the Civil Code prohibits the father or mother from representing their minor children when there are opposing interests between said parents and their children, it is clear that relatives or strangers should be considered as excluded also from such representation when they have interests opposed to those of the persons whom they represent in the same matter. In this view of the case the interests of the heiress, Florencia Rivas Díaz, being also the interests of her husband, Candelario Román, it is seen that there exists incompatibility between their interests and those of the minors named whom the same defensor, Candelario Román, represents. Other documents and a communication having been presented, a cautionary notice for the period of 120 days has been entered as regards the parcel of land adjudicated to Juana María Díaz, on page 67 of volume 13 of Juncos, property number 583, entry letter A, with the further curable defect that it is not shown whether the designation of heirs referred to in said document was final and had not been appealed from. Caguas, July 26, 1911. S. Abella Bastón, Registrar."

The action of the registrar has been appealed from by the widow of Manuel Rivas Rodríguez and that appeal is now before us for consideration and decision.

From the documents before us we find:

1. That Manuel Rivas Rodríguez having died on July 24, 1908, the District Court of Humacao, by an order of August 27, 1910, declared his heirs to be his legitimate children, Florencia, Silverio, María, Agofito, Ramón, Maximino first, Maximino second, Alfonsa, Julia, Valentín, and Joaquina Rivas y Díaz, of whom all are minors except Florencia, who is of lawful age and married to Candelario Román.

2. That the District Court of Guayama by an order of

September 29, 1910, appointed Candelario Román as the judicial defensor of said minors, to act for them in the proceedings for the division and adjudicaton of the property of their deceased father on account of the incompatibility of interests existing between them and their mother.

3. That the widow, Juana María Díaz, and Florencia Rivas Díaz, each in her own right, and Candelario Román in the character of legal defensor of the aforesaid minors, proceeded by means of the deed above referred to to carry out the proceedings of inventory, appraisement, division, and adjudication of the property which they valued at $900, the widow receiving $450 as community property, and each of the children $40.91, which was adjudicated to them in real estate.

4. That the partition of the property was approved by judicial order on February 17, 1911.

Having examined the endorsement appealed from in conjunction with the facts stated we find that the incompatibility of interests relied upon does not exist.

Florencia Rivas Díaz, the wife of the judicial defensor of the minors, intervened in the partition of the property of her deceased father in her own right, exercising the right given her under section 161 of the Civil Code without the need of the assistance of her husband, and the property adjudicated to her in the said proceedings is exclusively her own as if acquired by her during the marriage by purchase, according to section 1314 of the Civil Code.

As Candelario Román was neither heir, legatee, nor participant in the inheritance left by Manuel Rivas Rodríguez, and his wife, Florencia Rivas Díaz, was the only one required by law to represent and defend herself in the partition of the inheritance, her husband, Candelario Román, not having to do so, it was in no manner incompatible for Candelario Román to act as the judicial defensor of the minor children and for Florencia Rivas Díaz to act for herself. Candelario Román had no interest of his own to defend in the case pre-

sented and, therefore, the ground of incompatibility stated by the registrar does not exist.

The curable defect referred to in the indorsement appealed from has not been contradicted by the appellant and is sustained by the certificate of the designation of heirs which was issued on the same date as that of the declaration.

For the reasons stated the action of the registrar appealed from should be reversed as far as it is founded on the incompatibility of interests supposed to exist by reason of the representation of the minors by Candelario Román, and it is ordered that the inscription requested be made subject to the curable defect referred to unless this defect be corrected sooner.

*Reversed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.